## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

WALTER MERCED-NIEVES,                  :

      Petitioner                  :     **CIVIL ACTION NO. 3:22-0552**

v.                                                  :              **(JUDGE MANNION)**

                                  :

CHARLES MAIORANA,                          :

      Respondent

## MEMORANDUM

Petitioner, Walter Merced-Nieves, an inmate confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). The filing fee has been paid. (Doc. 3). Petitioner challenges his conviction and sentence from a 1998 conviction imposed by the United States District Court for the District of Puerto Rico in United States v. Merced-Nieves, No. 3:97-cr-00072-DRD-7 (D. P.R. (San Juan)). For the reasons that follow, the petition will be summarily dismissed.

## I. Background

Merced-Nieves, along with others, was involved in a multi-kilogram drug conspiracy involving heroin, cocaine, cocaine base, and marijuana from August 1990 through April 1997. Id. The conspiracy involved purchasing various drugs at wholesale prices; then cutting, cooking, and repackaging the drugs; reselling them at various drug points; and providing protection during these activities. Id. As part of the conspiracy, carjackings were committed – with the cars used for drive-by shootings of rival drug-trafficking organizations. Id.

On July 15, 1998, Petitioner was found guilty in the District of Puerto Rico on the following counts: 1) conspiracy to distribute in excess of five kilograms of heroin, in excess of five kilograms of cocaine, in excess of five kilograms of a cocaine base, and in excess of 100 kilograms of marijuana pursuant to 21 U.S.C. §846; and 2) possession of a firearm in relation to a drug trafficking crime pursuant to 18 U.S.C. §924(c)(1) and aiding and abetting pursuant to 18 U.S.C. §2. Id. On December 11, 1998, he was sentenced to life for drug trafficking and to a consecutive five-year sentence for possession of a firearm in relation to drug trafficking. Id.

In addition to his federal conviction and sentence, Merced-Nieves was convicted of two counts of murder, two counts of attempted murder, and

possession of firearms used to commit murder under Puerto Rico law. (Doc. 1). He received concurrent sentences on the Puerto Rico Commonwealth charges, for a total of 99 years imprisonment. Id.

On October 17, 2000, the United States Court of Appeals for the First Circuit upheld Merced-Nieves' convictions, and certiorari was denied on June 25, 2001. U.S. v. Merced-Nieves, 248 F.3d 1128, *cert. denied*,533 U.S. 931 (2001).

On August 12, 2002, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. §2255. Merced-Nieves v. United States, No. 3:02-CV-02208 (D. P.R.). Petitioner raised allegations that his sentence violated his Fifth Amendment right to due process and his Sixth Amendment rights to a jury determination of guilt beyond a reasonable doubt and his right to effective assistance of counsel. Id. Specifically, Petitioner alleged ineffective assistance for failure of counsel to raise the issue at both the sentencing hearing and direct appeal levels that the maximum sentence was limited to the statutory maximum penalty for a conspiracy to distribute marihuana. Id. Additionally, Petitioner challenged his conviction based upon Apprendi v. New Jersey, 530 U.S. 466 (2000), asserting that the jury was required to specifically determine the types and quantities of drugs to the extent that these facts increased his sentence. Id.

- 3 -

By Order dated June 3, 2003, Petitioner's 2255 motion was denied. Merced-Nieves v. United States, No. 3:02-CV-02208 (D. P.R.). The Court, in approving and adopting the February 25, 2003 Report and Recommendation of the Magistrate Judge, found the evidence at trial overwhelmingly established his involvement in a large scale drug-trafficking conspiracy in which he participated, with the quantities of the narcotics being in excess of what was alleged in the indictment – amounts in excess of five kilograms of heroin, five kilograms of cocaine, five kilograms of cocaine base, and 100 kilograms of marijuana. Id.

With respect to Apprendi, the sentencing court observed that the Supreme Court in Apprendi had held that facts, other than the fact of a prior conviction, which increased the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Id. Because the statutory range for Merced-Nieves' drug trafficking conviction was ten years to life, and he had received a life sentence, the sentencing court found there was no Apprendi violation. Id. The Court further noted that, with the evidence at trial overwhelmingly establishing that the drug quantities far exceeded the minimum requirements, if there was any error, it was harmless. Id.

- 4 -

On August 9, 2012, Merced-Nieves filed a second motion to vacate, set aside or correct sentence pursuant to 28 U.S.S. §2255. See Merced-Nieves v. United States, No. 3:12-CV-1652 (D. P.R.). The sole issue raised was ineffective assistance of counsel during plea negotiations, prior to trial. Id. By Order dated November 25, 2013, the Court dismissed the second motion for lack of jurisdiction, for Petitioner's failure to seek or obtain the requisite authorization from the Court of Appeals to file a successive §2255 motion. Id.

On August 10, 2017, Petitioner filed Merced-Nieves v. Baltazar, Civil No. 3:17-cv-1412, 2019 WL 1531926 (M.D. Pa. April 9, 2019). He raised the following two issues: (1) that his maximum sentence should have been five years under §841(b)(1)(C) under Apprendi, and (2) his federal convictions violate the Double Jeopardy clause because they relied on the same evidence underlying his Puerto Rico convictions for drug conspiracy and murder. Id.

On June 29, 2018, Petitioner filed a motion, requesting permission from the United States Court of Appeals for the First Circuit, to file a second or successive petition, through which he would challenge his drugs and firearms convictions pursuant to Puerto Rico v. Sánchez Valle, 136 S. Ct. 1863 (2016), Dean v. United States, 137 S. Ct. 1170 (2017), and other

specified decisions. See Merced-Nieves v. United States, No. 18-1625 (1st Cir. 2018). By Judgement dated August 3, 2018, the First Circuit denied Petitioner's application, holding that "with his cursory filing, petitioner has failed to make the *prima facie* showing necessary to garner relief. See Evans-Garcia v. United States, 744 F.3d 235, 237 (1st Cir. 2014) (required *prima facie* showing is "a sufficient showing of possible merit to warrant a fuller exploration by the district court")." Id.

By Memorandum and Order dated April 9, 2019, this Court dismissed Petitioner's §2241 petition in Merced-Nieves v. Baltazar, Civil No. 3:17-cv-1412, 2019 WL 1531926 (M.D. Pa. April 9, 2019) as follows:

> Here, Petitioner challenges the imposition of his sentence, not its execution. Therefore, to proceed under §2241, he must demonstrate that a §2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). Petitioner has not met this burden. Indeed, his claims do not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal and that he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive §2255 motion. He also has not shown that other extraordinary circumstances warrant relief.
>
> To date, the First Circuit Court of Appeals has already denied Petitioner an opportunity to file a second or successive petition §2255 motion with the sentencing court based on similar challenges to his conviction and sentence. The denial of such application does not, however, render §2255 inadequate or ineffective to address his claims. Thus, Petitioner may not raise his unsuccessful challenges to his conviction and sentence by way of §2241.

- 6 -

Moreover, to the extent Merced-Nieves asserts that the statutory maximum sentence for his drug conspiracy was five years, his claim is without merit.  In accordance with the quantities of drugs Petitioner was found to have conspired to distribute, Title 21 U.S.C. §841(b)(1)(A)(i), (ii) dictates a term of imprisonment of not less than 10 years or more than life. Id.

Finally, Petitioner claims that his conviction is unconstitutional in light of Puerto Rico v. Sánchez–Valle, —— U.S. ——, 136 S.Ct. 1863, 1869–1877, 195 L.Ed.2d 179 (2016).

In Sánchez Valle, "the Supreme Court took pains to acknowledge the 'distinctive, indeed exceptional, status as a self-governing Commonwealth' that Puerto Rico occupies today, ... the issue presented in that case—whether Puerto Rico and the United States are different sovereigns for purposes of the dual-sovereignty doctrine—compelled the Court to look .... to the distant past to ascertain 'the 'ultimate source' of Puerto Rico's prosecutorial power.'" United States v. Maldonado–Burgos, 844 F.3d 339, 344–45 (1st Cir. 2016) (quoting Sánchez–Valle, 136 S.Ct. at 1874.)

The Supreme Court held that for purposes of the Double Jeopardy Clause, the Puerto Rico and United States governments constitute a single sovereign, in as much as the former's power to prosecute derives from the latter's. Thus, the Commonwealth's prosecution, conviction, and sentence of an individual bars his subsequent prosecution by federal authorities for the same conduct under equivalent criminal law. See United States v. Colón, No. 15–396 (GAG), 213 F.Supp.3d 297, 297–98, 2016 WL 5793727, at *1 (D.P.R. Oct. 4, 2016).

> If an entity's authority to enact and enforce criminal law ultimately comes from Congress, then it cannot follow a federal prosecution with its own. That is true of Puerto Rico, because Congress authorized and approved its Constitution, from which prosecutorial power now flows. So, the Double Jeopardy Clause bars both Puerto Rico and the United States from prosecuting a single

person for the same conduct under equivalent criminal laws.

Sánchez–Valle, 136 S.Ct. at 1877.

Petitioner requests habeas relief in light of the "new recognized right" in Sánchez–Valle. The Supreme Court did not expressly declare its ruling would apply retroactively. See Tyler v. Cain, 533 U.S. 656, 668 (2001) (O'Connor, J., concurring) (noting that a rule has been made retroactive by the Supreme Court if the Court expressly declares it retroactive or issues multiple holdings that "logically dictate ... retroactivity"). With certain narrow exceptions, federal courts are prohibited from granting habeas petitioners relief based on "new" rules of constitutional law established after their convictions become final. Teague v. Lane, 489 U.S. 288, 310 (1989); Bradshaw v. Stumpf, 545 U.S. 175, 190 (2005).

Sánchez–Valle's prospective impact on the prosecution of crimes in Puerto Rico is uncontested. However, absent an express declaration, or a logical hint from the Supreme Court, this Court cannot pronounce its retroactivity. Sánchez–Valle was decided by the United States Supreme Court on June 9, 2016, eighteen years after Petitioner's sentencing. As such, Sánchez–Valle does not currently apply to Petitioner's conviction. Thus, the Court will dismiss Petitioner's petition for a writ of habeas corpus for lack of jurisdiction.

Merced-Nieves v. Baltazar, Civil No. 3:17-cv-1412, 2019 WL 1531926 (M.D. Pa. April 9, 2019).

On April 15, 2022, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He raises the identical Double Jeopardy claim raised in Merced-Nieves, Civil No. 3:17-cv-1412. Id.

## II.    Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. foll. §2254 (2004). The provisions of Rule 4, which are applicable to §2241 petitions under Rule 1(b), provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself...." Id.

When challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. §2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 F. App'x. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A federal prisoner must file a §2255 motion in the sentencing court, "a court already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir.

2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under §2241 if "it ... appears that the remedy by [a §2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). This language in §2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 F. App'x. at 47 (stating the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law"). Significantly, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." Id. at 539.

> Our Circuit permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. Tyler, 732 F.3d at 246

(quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under §2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial §2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

Merced-Nieves has unsuccessfully sought relief in the sentencing court pursuant to 28 U.S.C. §2255, as well as been denied permission by from the First Circuit to file a second or successive motion under §2255. Thus, he can only bring a challenge under § 2241 if it appears that the 2255 remedy is inadequate or ineffective to test the legality of his detention. He has failed to meet this burden. Merced-Nieves' lack of success in his direct appeal or his subsequent §2255 motions does not render §2255 inadequate or ineffective to address Merced-Nieves' challenge to his conviction and sentence. "The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Thus, because Petitioner fails to meet his burden of demonstrating that §2255 is inadequate or ineffective the challenge the legality of his detention, the §2241 petition will be dismissed for lack of jurisdiction.

- 11 -

III.   **Conclusion**

For the foregoing reasons, Merced-Nieves' petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction.

An appropriate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 28, 2022**
22-0552-01

- 12 -